IN THE SUPREME COURT OF THE STATE OF NEVADA

RJRN HOLDINGS, LLC,
Appellant,
vs.
JPMORGAN CHASE BANK, N.A.; AND
METLIFE HOME LOANS,
Respondents.

No. 73163

**FILED**

JUL 20 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order granting summary judgment in an action to quiet title.[1] Eighth Judicial District Court, Clark County; Douglas Smith, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.

We conclude that the district court properly granted summary judgment for respondents on the ground that MetLife Home Loans tendered the entire unpaid lien amount reflected in the HOA's notice of default. Consequently, the HOA's foreclosure sale was void, as there was no portion of the lien that was in default at the time of the sale.[2] *See* Grant S. Nelson, Dale A. Whitman, Ann M. Burkhart & R. Wilson Freyermuth, Real Estate Finance Law § 7:21 (6th ed. 2014) ("The most common defect that renders a sale void is that the [lienholder] had no right to foreclose."); *see also Henke*

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

[2]For the HOA to foreclose on a lien consisting of unpaid assessments that accrued after MetLife's satisfaction of the previous lien, the HOA needed to issue a new notice of delinquent assessment and notice of default. *Cf. Property Plus Invs., LLC v. Mortgage Electronic Registration Sys.*, 133 Nev., Adv. Op. 62, 401 P.3d 728, 731-32 (2017) (observing that an HOA must restart the foreclosure process in order to enforce a second superpriority lien).

SUPREME COURT
OF
NEVADA

(O) 1947A

18-27688

*v. First S. Props., Inc.*, 586 S.W.2d 617, 620 (Tex. App. 1979) (payment of past-due installments cured loan's default such that subsequent foreclosure on the property was void); Baxter Dunaway, The Law of Distressed Real Estate § 17:20 (2017) ("A foreclosure sale can be set aside by a court of equity by showing a lack of default."). Although appellant RJRN Holdings claims its predecessor is protected as a bona fide purchaser, we conclude that the predecessor's putative status as a bona fide purchaser cannot validate an otherwise void sale.[3]  *See* Grant S. Nelson, Dale A. Whitman, Ann M. Burkhart & R. Wilson Freyermuth, Real Estate Finance Law § 7:21 (6th ed. 2014) ("Some defects are so substantial that they render the sale *void*. In this situation, neither legal nor equitable title transfers to the sale purchaser . . . . The most common defect that renders a sale void is that the [lienholder] had no right to foreclose, such as when . . . the [debt] is not in default."). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____ , J.
Pickering

_____ , J.
Gibbons

_____ , J.
Hardesty

cc:  Hon. Douglas Smith, District Judge
The Law Office of Mike Beede, PLLC
Ballard Spahr LLP/Las Vegas
Gordon & Rees Scully Mansukhani LLP
Ballard Spahr LLP/Washington DC
Eighth District Court Clerk

---

[3]For this reason, RJRN's arguments regarding the need to record evidence of the tender are moot.

SUPREME COURT
OF
NEVADA

(O) 1947A